UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:02-cr-72-FtM-29SPC

FRANKIE L. SMITH
_____

**OPINION AND ORDER**

This matter comes before the Court on three motions filed by defendant Frankie L. Smith (defendant or Smith): (1) Motion for Breach of Plea Agreement (Doc. #294), filed on September 11, 2006; (2) Motion for Breach of Plea Agreement (Doc. #296), filed on November 2, 2006; and (3) Motion for Breach of Plea Agreement (Doc. #306), filed on July 19, 2007.[1] As relief, defendant seeks to withdraw from the Plea Agreement (Doc. #306, p. 18) or "specific performance of the cooperation agreement" (Doc. #296, p. 17.)

**I.**

On November 13, 2002, defendant was charged in two counts (Counts One and Eleven) of a fourteen count Superseding Indictment. (Doc. #37.)  Defendant was charged with (1) conspiracy to possess

---

[1] Defendant's first Motion for Breach of Plea Agreement (Doc. #294) was missing pages, and the Court directed defendant to file these pages (Doc. #304).  In response, defendant re-filed the entire Motion for Breach of Plea Agreement (Doc. #306), including the missing pages.  Thus, the first Motion for Breach of Plea Agreement (Doc. #294) will be denied as moot; the Court will address the Motion for Breach of Plea Agreement (Doc. #306), which will be deemed to have been filed on September 11, 2006.

with intent to distribute 50 grams or more of cocaine base, crack cocaine (Count One); and (2) knowingly and willfully possessing with intent to distribute a quantity of cocaine base, crack cocaine (Count Eleven).  On December 13, 2002, a Plea Agreement (Doc. #78) was filed as to defendant.  In the Plea Agreement the parties agreed, among other things, that defendant would plead guilty to Count One, the government would dismiss Count Eleven, and defendant would cooperate with the United States.  The pertinent portion of the cooperation provision stated:

> If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as 'substantial assistance' in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1 or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as 'substantial assistance' in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim P. 35(b).  In any case, the defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(Doc. #78, p. 4.)   Defendant signed the Plea Agreement and initialed each page.

On December 18, 2002, defendant testified as a government witness before the undersigned in the trial of co-defendant Doyle Grimes, Jr. (Doc. #154). Defendant testified that his understanding of his Plea Agreement was that the government would consider filing a § 5K1.1 motion, but that the decision was up to the government, and defendant had not been told whether the government was going to file such a motion. (Doc. #154, pp. 26-30.)

On December 19, 2002, defendant pled guilty before the magistrate judge to Count One of the Superceding Indictment pursuant to the Plea Agreement. (Doc. #116.) As the Court has previously summarized (Doc. #268, pp. 6-8), the guilty plea colloquy was thorough and complete. During the review of the Plea Agreement, government counsel stated: "I would indicate, however, to the court and to counsel and the defendant that the defendant did testify in the trial yesterday, he did testify truthfully, and it is the government's intention to file a 5K1. While that was never part of our negotiation, I am stating that on the record so the parties understand that." (Doc. #160, p. 8.) When the magistrate judge pointed out there was a substantial assistance provision in the Plea Agreement, the prosecutor stated: "Yes, your Honor. I'm stating, though, that he did fulfill his obligation and I am going to file one." (Doc. #160, pp. 8-9.)

Defendant's sentencing hearing was on March 25, 2003. In connection with an argument on minor role, the government indicated

that defendant had testified at the Doyle Grimes, Jr. trial (Doc. #260, p. 12), and the Court noted that it had presided over that trial (Id. at 13). The Court denied defendant's request for a minor role adjustment (id. at 13), and defendant then stated: "I I – right now, I'm in an investigation. I don't know whether Mr. Thompson [the federal case agent] know about it or not. I was wondering would I get a file the Rule 35 for me?" (Id. at 14.) The Court replied that a Rule 35 motion could only be filed by the government, and it would be a good place to start for defendant to advise his attorney of the matter. (Id.) Government counsel then stated: "I will state for the record and for Mr. Smith's benefit, it is the government's intent to file a Rule 35 for Mr. Smith for his cooperation. While Mr. Smith's cooperation is not yet complete, we do expect him to testify twice, in addition to his testimony at Mr. Doyle Grimes trial. Mr. Curtis Grimes is intending to go to trial and we expect Mr. Smith to testify truthfully at that trial. Mr. Doyle Grimes Junior has contested his amounts that he should be held responsible for at sentencing. We expect Mr. Smith to testify in that trial as well. For the record, for Mr. Smith's benefit, we do intend on filing a Rule 35 for him for his cooperation." (Id. at 14-15.) Defendant responded that this answered his question. (Id. at 15.) The government did not file a substantial assistance motion pursuant to Sentencing Guidelines § 5K1.1, and no objection to this was raised by defendant. The government did seek a sentence at the low end of

the applicable Sentencing Guidelines range based upon defendant being the first one to cooperate in the case. (<u>Id.</u> at 20.) Defendant was sentenced to 262 months imprisonment, the low end of the Sentencing Guidelines range, 60 months supervised release, and a $100 special assessment. (<u>Id.</u> at 22-23.)  Judgment (Doc. #166) was entered the same day.

On April 7, 2003, a jury was selected to try co-defendant Curtis Grimes. (Doc. #178.)  On April 8, 2003, Curtis Grimes entered a guilty plea pursuant to a plea agreement. (Doc. #182.) Therefore, defendant's testimony was not needed as to Curtis Grimes.  The Court conducted three sentencing hearings regarding co-defendant Doyle Grimes, Jr. (Docs. ## 220, 221, 222), and on April 8, 2003, sentenced Grimes to 292 months imprisonment. (Doc. #222.)  Defendant Smith was not called as a witness at the sentencing hearing, but the Court specifically considered the trial testimony of defendant Smith as if it had been given at sentencing, as well as the sentencing testimony of co-defendant Barian Parrish. (Doc. #222, pp. 3-4.)

Co-defendant Curtis Grimes was sentenced on October 6, 2003. (Doc. #240.)  This completed the trial proceedings in the district court as to the defendants.

Defendant filed a direct appeal of his conviction and sentence.  On February 17, 2004, the Eleventh Circuit granted the government's motion to dismiss the appeal due to a valid appeal waiver provision in defendant's Plea Agreement. (Doc. #255.)

On March 22, 2004, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255 (Doc. #257). Issues raised included ineffective assistance of counsel at sentencing and breach of the Plea Agreement at sentencing. The specific issues raised in the current motions were not raised in the § 2255 motion. On September 8, 2005, the Court denied defendant's motion to vacate in a twenty-two page Opinion and Order (Doc. #268).

On May 25, 2004, the government filed a Rule 35 Motion for Reduction in Sentence (Doc. #261), citing defendant's complete and truthful information to agents of the Drug Enforcement Administration; his implication of co-defendants, successfully closing the case with the guilty pleas of all remaining defendants; his usefulness in convincing a co-defendant to plead guilty right before he was to start trial; his information about drug trafficking in the Immokalee area; and his truthful testimony at the sentencing[2] hearing of Doyle Grimes. The Court initially took the matter under advisement (Doc. #262), and on September 8, 2005, the Court granted the government's motion (Doc. #269). The Court found that defendant's assistance qualified as substantial assistance, found a two level reduction was appropriate, reduced the sentence to 214 months imprisonment, and otherwise left all other components of the sentence as originally imposed. (Doc.

---

[2]As discussed above, defendant Smith did not literally testify at trial; rather, his testimony during the trial was considered in the sentencing proceeding.

#269.) An Amended Judgment was entered on September 12, 2005 (Doc. #270). Defendant filed a notice of appeal, but on February 3, 2006, the Eleventh Circuit dismissed defendant's appeal, *sua sponte*, for lack of jurisdiction. (Doc. #285.)

On October 7 and October 12, 2005, Defendant filed two motions for reconsideration of the § 2255 Opinion and Order (Docs. #272, #274). Both motions were denied (Docs. #273 and #275). On November 7, 2005, Defendant filed his Motion for Certificate of Appealability (Doc. #279) as to the § 2255 proceeding, which was denied in a November 28, 2005 Opinion and Order (Doc. #281). On December 7, 2005, defendant filed a motion to supplement his motion requesting a certificate of appealability (Doc. #282), which was denied in a December 12, 2005 Order (Doc. #283).

Defendant then filed various other motions (Docs. #288, 289, 291, 292, 297, 298, 299, 300, 301, 302), which were denied on July 9, 2007 (Doc. #304).

**II.**

The Court is first obligated to determine whether it has jurisdiction to consider defendant's motions. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). The jurisdiction of the Court is an issue of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of

federal statutes and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315. To determine if jurisdiction exists, the Court must look to the specific issues raised by defendant. The Court looks at the pending motions separately.

**A.  Motion for Breach of Plea Agreement (Doc. #306):**

In the first motion (Docs. ## 294, 306), defendant raises the following issues:

(1)  Defendant asserts that the government breached a Plea Agreement by failing to file a substantial assistance motion pursuant to U.S. Sentencing Guidelines § 5K1.1[3] at the sentencing hearing. Defendant argues that the language in the Plea Agreement which allows the government to reserve judgment on his pre-sentence assistance is unlawful; and that if a defendant provides substantial assistance before sentencing, the government must file a § 5K1.1 motion because "Rule 35(b) cannot be used to reflect substantial [assistance] render[ed] prior to sentencing as the Government suggest[s] in petitioner's case." (Doc. #306, p. 4.) Defendant also argues that in his case the Rule 35(b) motion incorrectly stated he testified at Doyle Grime's sentencing, when in fact he had testified at the trial. (Doc. #306, pp. 3-7.)

(2)  Defendant asserts that the Court abused it discretion by imposing a sentence while under the mistaken belief that the

---

[3]"Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1.

-8-

government could later assess and reward defendant's presentence cooperation by a future Rule 35(b) motion. (Doc. #306, pp. 7-12.)

(3) Defendant asserts that the Court lacked jurisdiction to grant the government's Rule 35(b) motion because it was untimely, having been filed fourteen months after his sentencing. (Doc. #306, pp. 12-13.)

(4) Defendant asserts that the government arbitrarily refused to recommend a greater downward departure in the Rule 35(b) motion than defendant deserved. (Doc. #306, pp. 13-16.)

(5) Defendant asserts that his attorney rendered ineffective assistance at sentencing by not seeking a § 5K1.1 departure. Defendant argues he would have had the opportunity to respond to the government's recommendation at the sentencing hearing had the government filed the § 5K1.1 motion instead of a Rule 35(b) motion. (Doc. #306, pp. 16-18.)

Defendant relies upon 18 U.S.C. § 3742(a)(1) as his jurisdictional basis. (Doc. #306, p. 1.) Section 3742(a)(1) allows a defendant to file a notice of appeal for appellate review of an otherwise final sentence if the sentence was imposed in violation of the law. Defendant has already filed a direct appeal of the final judgment and sentence and an appeal of the Order granting the Rule 35(b) motion. Section 3742 does not provide jurisdiction for the district court to consider defendant's post-conviction, post-appeal, post-§ 2255 motions regarding the alleged breach of the Plea Agreement.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of jurisdiction even though none are identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court's jurisdiction is limited to that provided in the statutes and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315-18. No basis for jurisdiction exists.

As Diaz-Clark, 292 F.3d at 1315, stated, the starting point for the statutory analysis is Title 18 U.S.C. § 3582. Title 18 U.S.C. § 3582(b) refers to the possibility of modifying a sentence, but this provision only defines a final sentence and does not provide a mechanism for modifying a sentence. United States v. Stossel, 348 F.3d 1320, 1322 (11th Cir. 2003), cert. denied, 541 U.S. 966 (2004). Section 3582(c)(1)(A) does not apply because the request is not made by the Director of the Bureau of Prisons. Section 3582(c)(1)(B) allows the district court to modify an imposed term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Federal Rule of Criminal Procedure 35(a) provides a district court with jurisdiction only for seven days after sentencing and then only for errors resulting from arithmetical, technical, or other clear error. The seven day period is a jurisdictional restriction, Diaz-Clark, 292 F.3d at

1317, and is long past in this case. No additional Rule 35(b) motion concerning substantial assistance has been filed by the government, and defendant does not seek to compel the filing of such a motion in connection with his arguments in Doc. #306.

After the seven day period of Rule 35(a), a defendant can seek relief under 28 U.S.C. § 2255. Here, as in Diaz-Clark, defendant filed a § 2255 motion but did not include the issues he now seeks to litigate. The Court cannot consider defendant's motion to be brought pursuant to 28 U.S.C. § 2255 because permission from the Eleventh Circuit is required to file a second or successive § 2255 motion, and no such permission has been sought or granted in this case. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). Because the issues raised by defendant are cognizable in a § 2255 proceeding, defendant common law relief is not available to him. Holt, 417 F.3d 1175; Holt v. United States, 249 Fed. Appx. 753, 756 (11th Cir. 2007). Accordingly, the Court will dismiss this motion for lack of jurisdiction.

**B.   Motion for Breach of Plea Agreement (Doc. #296):**

Defendant's other Motion for Breach of Plea Agreement (Doc. #296) alleges a different set of issues. Defendant asserts that in addition to cooperating with the federal authorities prior to his sentencing, he also cooperated with state authorities in investigations before and after his sentencing. Defendant asserts that he is entitled to a Rule 35(b) motion based upon this state cooperation, and that the government breached the Plea Agreement by

-11-

failing to file a Rule 35(b) premised on the state court cooperation. Defendant asserts that the failure to file a Rule 35(b) motion was based on bad faith and was not rationally related to any legitimate government end.

The Eleventh Circuit has consistently described a district court's jurisdiction to consider a motion to compel the filing of a Rule 35(b) motion as follows:

> We have held that the government has a power, not a duty, to file a motion when a defendant has substantially assisted. If the defendant alleges and makes a threshold showing that the government's refusal to file a substantial-assistance motion was a breach of a plea agreement, an evidentiary hearing and relief may be appropriate. However, where a plea agreement states only that the government will file a Rule 35 motion if, in its sole discretion, the defendant's cooperation qualifies as substantial assistance, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach.
> The Supreme Court has held that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive, like race or religion, or was not rationally related to any legitimate government end. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. Thus, judicial review generally is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motive.

United States v. Morales, 239 Fed. Appx. 533, 535 (11th Cir. 2007)(quotations and citations omitted)(citing Wade v. United States, 504 U.S. 181, 185-86 (1992)); United States v. Forney, 9

-12-

F.3d 1492, 1502 (11th Cir. 1993).  See also United States v. Castillo, 212 Fed. Appx. 844, 845-46 (11th Cir. 2006); United States v. Rojas-Santana, 180 Fed. Appx. 887, 888 (11th Cir. 2006). Constitutionally impermissible motivations include race, religion, and the exercise of a constitutional right to a jury trial. United States v. Dorsey, 512 F.3d 1321 (11th Cir. 2008).

Defendant does not allege any constitutionally impermissible motivation, but argues that given the extent of his cooperation in the state murder prosecution the failure to file a Rule 35(b) motion was not rationally related to any legitimate government end. The Eleventh Circuit recently stated: "Contrary to James's argument, moreover, we have not construed Wade broadly enough to permit a court to grant a defendant relief when, absent an unconstitutional motive such as race, religion or another arbitrary classification, the government's refusal to move for a reduction is not rationally related to any legitimate government end." United States v. James, 2008 WL 90157 (11th Cir. Jan. 10, 2008)(citations omitted).  Even assuming the Court has jurisdiction, however, defendant has not established that the failure to file a Rule 35(b) motion was a breach of his Plea Agreement. Whether the government has breached a plea agreement is a question of law. United States v. De La Garza, ___ F.3d ___, 2008 WL 397456 (11th Cir. Feb. 15, 2008).  Defendant's Plea Agreement expressly stated that the government only agreed to consider whether defendant's cooperation amounted to substantial assistance, and the decision would be

-13-

vested in the government and could not be challenged by defendant. Defendant merely disputes the evaluation of the officers that his cooperation was not substantial. This does not show a breach of the Plea Agreement.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion for Breach of Plea Agreement (Doc. #294) is **DENIED** as moot.

2. Defendant's Motion for Breach of Plea Agreement (Doc. #296) is **DENIED.**

3. Defendant's Motion for Breach of Plea Agreement (Doc. #306) is **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of February, 2008.

                                           JOHN E. STEELE
                                           United States District Judge

Copies:
USCA
Counsel of Record
Frankie L. Smith